**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

BRADLEY H. SCHLEIER, ESQ. #011696
Email: brad@schleierlaw.com
TOD F. SCHLEIER, ESQ. #004612
Email: tod@schleierlaw.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICIA MURRAY, a married woman, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| PRINCIPAL FINANCIAL GROUP, INC., a Delaware corporation, PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation and PRINCOR FINANCIAL SERVICES Corporation, an Iowa corporation, | **(Jury Trial Demanded)** |
| Defendants. | |

Plaintiff Patricia Murray, for her Complaint against Defendants Principal Financial Group, Principal Life Insurance Company and Princor Financial Services Corporation, states as follows:

**JURISDICTION AND VENUE**

1.      This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et. seq.* ("Title VII").

-1-

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e (f) and (g).

3. Plaintiff Patricia Murray filed her Charge of Discrimination based on gender discrimination and retaliation on December 14, 2004.

4. Plaintiff Patricia Murray filed a Charge of Discrimination based on gender and retaliation on January 19, 2007.

5. The EEOC submitted a Notice of Right to Sue for both Charges on March 18, 2008.

## THE PARTIES

6. Plaintiff Patricia Murray is a married woman and currently resides in Maricopa County, Arizona.

7. Defendant Principal Financial Group, Inc. is a Delaware corporation currently doing business in the State of Arizona.  Principal Financial Group does business in Arizona as Defendant Principal Life Insurance Company and Defendant Princor Financial Services Corporation.  Defendants Principal Life Insurance Company and Princor Financial Services Corporation are Iowa corporations currently doing business in the State of Arizona.  Defendants Principal Financial Group, Principal Life Insurance Company, and Princor Financial Services Corporation are collectively referred to as "Principal" hereinafter.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff Patricia Murray has been and is currently an employee of Defendant Principal since September 1, 1996.

9. Beginning as early as summer, 2000, Plaintiff Patricia Murray began experiencing gender discrimination by other agents and/or employees of Defendants

Principal relative to her involvement and marketing to various union members through the Union Alliance Program as compared to other similarly situated male employees.

10. Defendant effectuated such gender discrimination by: (a) excluding Plaintiff from particular union functions and/or meetings; (b) excluding Plaintiff from specific communications with union members and team members; (c) excluding Plaintiff from specific meetings; (d) bringing in other males to work with Plaintiff in direct competition in her market area and requiring that leads be divided equally; (e) requiring Plaintiff to submit all proposed union marketing plans prior to sales activity; (f) requiring that Plaintiff's communications be routed through the Agency Manager; and (g) requesting that Plaintiff perform "backroom" work under another male's business plan.

11. Plaintiff, along with three male salespersons, were involved in specific market opportunities (union) throughout Arizona. They all reported to the Regional Business Center Manager, a group managed by a male. The group was called Principal Union Alliance Team.

12. Plaintiff was directed to work under the business name of another male salesperson (her peer) and told this was the only solution. Plaintiff refused. The same male peer also wanted Plaintiff to perform the "backroom" duties under his business name. Plaintiff again refused and was denied future union opportunities.

13. The effect of such exclusion affected Plaintiff's ability to participate in and contact specific individuals and entire market opportunities in effort to increase her compensation.

14. Plaintiff complained of such differential treatment relating to the exclusion and refusal to approve sales and marketing activities and requests to route communications through the Agency Manager and perform work under another male's

business plan, however, her complaints generated more resentment with the male peer group and management, resulting in further separation.

15. Plaintiff was instructed that any communications regarding seminars or other marketing activities with potential clients must be dispersed to the three other male salespersons. The three males were not required to include Plaintiff in all seminars or communications.

16. Plaintiff was then directed that all market opportunity communications had to be directed to the Regional Business Center Manager, who refused to approve any of her activities. Plaintiff believes that the other similarly situated male salespersons were conducting meetings and communications without management's review or approval.

17. When Plaintiff was unable to resolve the gender-based issues with management level employees, she contacted Human Resources of Defendant Principal Financial Group in summer, 2004.

18. Human Resources claimed to have investigated Plaintiff's complaints and confirmed that Plaintiff was not offered a union contract (or focus market opportunity), but stated that the decision made was not based on gender (despite Plaintiff being the Top Arizona Union Program Producer and second highest Union Program Producer in the country).

19. In November, 2004, Plaintiff filed a formal complaint with Human Resources concerning the lack of approval of her sales and marketing activities as compared to similarly situated male employees. The results of an investigation were that it was concluded that the problem was due to the Agency Manager having poor communication.

20. On December 14, 2004, Plaintiff filed her Charge of Discrimination based on gender.

21.     Following the EEOC Charge, Defendants continued to treat Plaintiff differently and continued to deny Plaintiff opportunities it provided to similarly situated male employees.

22.     In spring, 2005, Plaintiff was instructed to cease all marketing activities relative to the union and that she should not have contact with union members.

23.     In September, 2006, Plaintiff was accused of violating specific ethic rules which might have been cause for termination, however, Defendant retreated from that position during Sanction Review Committee proceedings.

24.     It has been suggested to Plaintiff, and told to others, that she is unprofessional, does not work well with others, and that she should revisit her business plan.

25.     To date, due to Defendants preferential treatment of similarly situated males and their ability to accumulate business, Plaintiff's compensation will never be able to reach its highest potential.

## COUNT ONE
(Gender Discrimination)

26.     By reference hereto, Plaintiff incorporates paragraphs 1-25.

27.      Title VII prohibits discrimination on the basis of gender.

28.     Defendants conduct in treating Plaintiff differently than similarly situated male employees constitutes discrimination on the basis of gender, in violation of Title VII.  Specifically, Defendants discriminatory treatment included but was not limited to actions in directing and allowing Plaintiff's exclusion from meetings and conversations, directing that all communications be forwarded to the Agency Manager and approved to union members when male Union Alliance Program agents were free to have

communications with union members, the manipulation of focus market opportunities, threats of termination, and unwarranted claims of ethics violations.

29. As a direct and proximate result of all of Defendant Principal's violation of Title VII, such conduct has caused Plaintiff a substantial loss of compensation and benefits up to the date of this complaint and into the future.

30. As a direct and proximate result of Defendant Principal's actions, Plaintiff has experienced emotional distress.

31. Defendants conduct, and the nearly eight years of gender discrimination, is willful and is a dereliction of Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

**COUNT TWO**
(Retaliation)

32. By reference hereto, Plaintiff hereby incorporates paragraphs 1-31.

33. Title VII prohibits retaliating against an employee who complains of discriminatory practices in the workplace.

34. Defendant Principal violated Title VII by retaliating against Plaintiff when she engaged in a protective activity relating to complaints of discrimination to Defendants Human Resources Department and the EEOC.

35. Defendant Principal has continued its retaliation against Plaintiff in the following ways:

    a. Denied access to management support and communication;

    b. Threatened Plaintiff with termination; and

    c. Denied access to internal grievance procedure.

36. As a direct and proximate cause of Defendant Principal's actions, Plaintiff has sustained a significant loss of compensation and benefits.

37. As a direct and proximate cause of Defendant Principal's actions, Plaintiff has experienced emotional distress, humiliation with potential clients, with others in the industry and within Principal and its employees/contractors.

38. Defendants conduct, and the nearly four years of retaliation, is willful and is a dereliction of Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that Judgment be entered against each Defendant, jointly and severally as follows:

1. The value of lost compensation and benefits;

2. Plaintiff's compensatory damages, to be proven at trial

3. Injunctive relief;

4. Punitive or exemplary damages;

5. Attorneys' fees; and

6. Any other relief the Court deems appropriate.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this 11th day of June, 2008.

        SCHLEIER LAW OFFICES, P.C.

        s/ Bradley H. Schleier
        Bradley H. Schleier
        Attorney for Plaintiff